**Ex parte SHARP.**

No. 519.

District Court, D. Kansas, First Division.

Jan. 4, 1940.

C. W. Brenneisen, Jr., of Kansas City, Kan., for petitioner.

E. V. Bruce, Asst. Atty. Gen., for respondent.

HOPKINS, District Judge.

Now on this 4th day of January, 1940, the above entitled action comes on for hearing on the petition duly verified by the affidavit of one James Sharp filed with the Clerk of this Court on the 10th day of September, 1938. The petitioner is represented by C. W. Brenneisen, Jr., attorney. The respondent is represented by E. V. Bruce, Assistant Attorney General. From the petition it appears that James Sharp is illegally imprisoned and restrained of his liberty by the Warden of the Kansas State Penitentiary at Lansing, Kansas.

It is contended by the petition that the commitment authorizing the petitioner's imprisonment for life is void and contrary to the Constitution of the United States for the following reasons:

"That the commitment had been procured through a swift, reckless pretense of a trial;

"That the officers of the Trial Court impounded and concealed the petitioner's appeal documents contrary to the Statutes of the State of Kansas, and in such a manner as to deprive the petitioner of the right of appeal;

"That administrative officers of the State of Kansas denied the petitioner the right to perfect his appeal and prohibited the petitioner from perfecting his appeal."

The respondent, Warden of the Kansas State Penitentiary, through the Attorney General's Office, filed a response to the petition, setting out and contending that the petitioner is lawfully restrained of his liberty by a valid judgment of the District Court of Ottawa County, Kansas, and that the petition on its face does not state facts sufficient to give this court authority or jurisdiction to grant the writ prayed for.

The court recommended, and the attorneys for the petitioner and respondent agreed to present their evidence in documentary form. After hearings had before this Court, an order was issued appointing the Honorable C. A. Magaw as Special Master to make findings of fact. On the 9th day of May, 1939, the Special Master filed with this Court a findings of fact.

From the documentary evidence introduced herein, the findings of fact of the Special Master, oral testimony of the petitioner given on the 4th day of January, 1940, and the statements of counsel herein, the court finds:

That the petitioner was granted a preliminary hearing on November 4, 1934, charged with burglary in the second degree and was bound over to the District Court of Ottawa County, Kansas. That he was incarcerated in the County Jail until the 7th day of January, 1935, when at 4:45 o'clock in the afternoon, the petitioner was called in and advised by the court, to be ready for trial the next morning at 9:30 o'clock. The petitioner advised the court that he did not have an attorney and asked that he be allowed to call one. The court said he would be allowed to call his attorney from the County Jail. He was not given an opportunity to use a telephone that afternoon or night. The petitioner had no legal training.

The petitioner did not have the benefit of an attorney in præciping witnesses and he prepared his own præcipes in jail that night and handed them to the Sheriff. A young attorney was appointed after the jury panel was in the box on the morning of January 8, 1935. The petitioner was not acquainted with the attorney appointed for his defense until the appointment and the attorney was not acquainted with the petitioner, and the facts in the case at the time of the appointment. The jury was immediately selected and the petitioner did not have an opportunity to discuss his defense with his attorney until after the jury had been selected. The case went to trial immediately and was in the hands of the jury at 2:30 o'clock in the afternoon of the same day, January 8, 1935.

A verdict of guilty of burglary in the second degree was returned the next day and the petitioner requested his attorney to file a motion for new trial.

That on January 11, 1935, the petitioner was called before the court for sentence and learned that a motion for new trial had not been filed in his behalf. He was forced to file the motion for himself and the same morning the motion was overruled and the petitioner sentenced to life in prison as an habitual criminal.

That on the 11th day of January, 1935, the petitioner filed a notice of appeal with the Clerk of the Ottawa County District Court and that on the 12th day of January, 1935, the petitioner was removed to the State Penitentiary at Lansing, Kansas. The notice of appeal was not filed by the Clerk of the District Court with the Clerk of the Supreme Court as provided by law.

That for thirteen months the petitioner attempted to get his notice of appeal filed with the Clerk of the Supreme Court of Kansas by writing letters to the Clerk of the Trial Court, to the Judge of the Trial Court and to the Supreme Court without success.

That on the 25th day of February, 1936, the petitioner filed an application for writ of habeas corpus with the Supreme Court of Kansas. On July 1st, 1936, the Supreme Court of Kansas denied the application for writ of habeas corpus. The application for writ of habeas corpus called the attention of the Court to the fact that petitioner's notice of appeal had not been filed with the Clerk of the Supreme Court of Kansas, and the Supreme Court of Kansas ordered the Clerk of the District Court of Ottawa County, Kansas, to file said notice with the Supreme Court of the State of Kansas.

The petitioner's notice of appeal was filed with the Supreme Court of Kansas on the 13th day of July, 1936, and the case set for November 4th, 1936.

That the petitioner prepared a brief and abstract for his case before the Kansas Supreme Court but he was refused permission to mail said brief and abstract to the Court by the Deputy Warden of the Penitentiary, and said brief and abstract were taken from his possession. The petitioner, having been advised by the State officers that he would not be allowed to file a brief and abstract, wrote a letter to the Supreme Court of Kansas, asking that an attorney be appointed for him to perfect and present his appeal. The censor in the State Penitentiary refused to let the matter go to the State Court and on the 4th day of November, 1936, the petitioner's appeal in the State Supreme Court was dismissed for want of prosecution.

After the dismissal of the petitioner's appeal to the Supreme Court, he filed another application with the Supreme Court of Kansas for a writ of habeas corpus, setting out that he had been deprived of his opportunity to appeal. This application for writ of habeas corpus was dismissed by the Supreme Court on the 3d day of March, 1938.

It is therefore, considered, ordered and decreed that the commitment authorizing the petitioner's imprisonment for life is based upon a swift, reckless pretense of a trial; that the petitioner was deprived of a fair trial in the District Court of Ottawa County, Kansas, and was deprived of his right to perfect an appeal in the Supreme Court of Kansas, all in violation of the Constitution of the United States; that the petitioner is now illegally imprisoned by the Warden of the State Penitentiary at Lansing, Kansas, and that the respondent, the Warden of the State Penitentiary, is hereby commanded to forthwith discharge the petitioner from custody.