EX PARTE CLEIO HULL.

No. —, original.   Decided March 3, 1941.

*Cleio Hull, pro se.*

*Messrs. Herbert J. Rushton,* Attorney General of Michigan, *Edmund E. Shepherd,* Solicitor General, and *Kenneth G. Prettie,* Assistant Attorney General, for Harry H. Jackson, Warden, State Prison, of Southern Michigan, on the return to the rule to show cause.

MR. JUSTICE MURPHY delivered the opinion of the Court.

In January, 1936, petitioner was convicted of a statutory sex offense and was sentenced to the Michigan state prison at Jackson, Michigan, for an indeterminate term of six months to ten years. About ten months later he was paroled. In October, 1937, he was convicted of another sex offense and was returned to the same prison to serve a sentence of two and one-half to five years from entry of the second judgment. Apparently for the sole reason that the second conviction was regarded as a violation of his parole, petitioner was given a hearing before the state parole board and was passed indefinitely toward the maximum sentence for the first offense. See Michigan Statutes Annotated, 1940 supplement, § 28.2108.

In November, 1940, petitioner prepared a petition for writ of habeas corpus and exhibits to file in this Court. He took the papers to a prison official and requested him to notarize them. The official refused and informed petitioner that the papers and a registered letter to the clerk of this Court concerning them would not be accepted for mailing. Although the papers were not notarized, petitioner then delivered them to his father for mailing outside the prison but guards confiscated them. Several days later, petitioner again attempted to mail a letter concerning his case to the clerk of this Court. It was intercepted and sent to the legal investigator for the state parole board.[1] Apparently neither of the let-

---

[1] About a week later petitioner received the following reply from the legal investigator: "Your letter of November 18, 1940, addressed to the Clerk of the United States Supreme Court, has been referred to the writer for reply. In the first place your application in its present form would not be acceptable to that court. You must file a petition for whatever relief you are seeking and state your reasons therefor, together with a memorandum brief. Your petition must be verified under oath and supported by proper affidavits, if

ters was returned to the petitioner,[2] and the papers taken from his father were not returned until late in December.

Petitioner then prepared another document which he somehow managed to have his father, as "agent," file with the clerk of this Court on December 26, 1940. In this document petitioner detailed his efforts to file the papers confiscated by prison officials, contended that he was therefore unlawfully restrained, and prayed that he be released.

On January 6, 1941, we issued a rule to show cause why leave to file a petition for writ of habeas corpus should not be granted. The warden filed a return to the rule setting forth the circumstances of the two convictions, the proceedings of the parole board, and numerous exhibits. In justification of the action preventing petitioner from filing his papers or communicating with this Court, the warden alleged that in November, 1940, he had published a regulation providing that: "All legal documents, briefs, petitions, motions, habeas corpus proceedings and appeals will first have to be submitted to the institutional welfare office and if favorably acted upon be then referred to Perry A. Maynard, legal investigator to the Parole Board, Lansing, Michigan.

---

any you have. Your letter was, no doubt, intercepted for the reason that it was deemed to be inadequate and which undoubtedly accounts for the fact that it found its way to my desk."

Apparently the legal investigator serves as attorney and advisor to the state parole board. His functions with respect to legal documents of prison inmates appear more fully from the prison regulation quoted hereafter.

[2] Neither of the letters reached the clerk of this Court. On December 12, 1940, petitioner requested the prison superintendent of mail to trace the registered letter since he had not received the return receipt which accompanied it. The assistant superintendent replied: "This was mailed thru Perry Maynard by orders from Warden." Apparently the legal investigator made no reply,

Documents submitted to Perry A. Maynard, if in his opinion are properly drawn, will be directed to the court designated or will be referred back to the inmate."

In answer, petitioner filed a "Response to the Return" which again challenged the validity of this regulation and which contained numerous exhibits. One of the exhibits was the petition for writ of habeas corpus taken from petitioner's father. In brief, this petition assailed the legality of petitioner's imprisonment under the second conviction on the ground that he had been denied procedural due process.

The first question concerns the effect of the regulation quoted in the warden's return.

The regulation is invalid. The considerations that prompted its formulation are not without merit, but the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus. Whether a petition for writ of habeas corpus addressed to a federal court is properly drawn and what allegations it must contain are questions for that court alone to determine. Compare *First National Bank* v. *Anderson,* 269 U. S. 341, 346; *Erie R. Co.* v. *Purdy,* 185 U. S. 148, 152; *Carter* v. *Texas,* 177 U. S. 442, 447; see *Ex parte Sharp,* 33 F. Supp. 464.

However, the invalidity of the prison regulation does not compel petitioner's release. For that reason it is necessary to examine the petition annexed to the response. Although it is here as an exhibit to the response, it may be considered as a motion for leave to file a petition for writ of habeas corpus inasmuch as the warden has not had an opportunity to answer it. The next question, therefore, is whether this petition is premature.

The petition is not premature. Compare *McNally* v. *Hill,* 293 U. S. 131; *In re Bonner,* 151 U. S. 242. Despite

the fact that petitioner is now in prison under the sentence for the first offense, he was at liberty on parole at the time he was arrested and charged with the second offense. True, parole regulations obligated him to stay within Jackson County but that is not the imprisonment present in the *McNally* case. Moreover, petitioner's parole was revoked and he was ordered to serve out his first sentence only because of the second conviction. See Michigan Statutes Annotated, *supra*. There is no reason to suppose that he can compel the parole board to review the record of the second conviction, or to make a declaratory ruling that if that conviction is void his parole will be reinstated. Thus the last question is whether the petition, treated as a motion for leave to file a petition for writ of habeas corpus, is sufficient to necessitate an order requiring the warden to answer.

At bottom, petitioner's case is this: that in the second trial there was a variance between pleading and proof with respect to the date when the offense was committed, and that petitioner thus was denied the fair notice of the charge guaranteed by the due process clause. From exhibits and rather vague statements in the petition, the following appears: that in his opening statement and throughout the trial the prosecutor insisted that the offense occurred on the date charged in the information; that petitioner's defense was that he was elsewhere at the time in question; that some of the testimony tended to fix the date of the offense about a week earlier than that charged in the indictment; that at the close of all the evidence, petitioner's counsel moved for a directed verdict on the ground that there was no evidence to prove that the offense was committed on the date charged in the information; that the trial judge denied this motion and charged the jury that the precise date was immaterial, it being sufficient to show that the offense occurred during the month previous; that the trial judge

entered judgment on the jury's verdict of guilty and denied petitioner's motion for a new trial on the same ground urged in the motion for directed verdict; and that the Michigan Supreme Court subsequently denied certiorari.

We conclude that the showing made by the petition and exhibits is insufficient to compel an order requiring the warden to answer. Petitioner was represented by counsel throughout the second trial. Yet there is no claim in the petition that he objected to evidence tending to establish a different date for commission of the offense, or that he claimed surprise, or that he moved for a continuance to enable him to secure other witnesses. He does not allege that at the time of the trial he had an alibi for any other date, nor does he make clear the actual extent of any variance. Furthermore, ascertainment of these facts is impossible since petitioner has not furnished the transcript taken at the second trial. Accordingly, it would be improper to inquire whether petitioner was denied procedural due process in the second trial. Compare *Hardy* v. *United States,* 186 U. S. 224, 225; *Ledbetter* v. *United States,* 170 U. S. 606, 612; *Hodgson* v. *Vermont,* 168 U. S. 262, 271; *Matthews* v. *United States,* 161 U. S. 500.

The motion for leave to file a petition for writ of habeas corpus is therefore denied.

*Motion denied.*