**Nolan D. WIMBERLEY, Appellant,**

v.

**Harold V. FIELD et al., Appellees.**

**No. 23889.**

United States Court of Appeals, Ninth Circuit.

March 10, 1970.

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

Nolan D. Wimberley, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Los Angeles, Cal., for appellees.

Before CHAMBERS, TUTTLE* and BROWNING, Circuit Judges.

PER CURIAM:

The order dismissing the action on the basis of plaintiff's original complaint is reversed. If only the complaint had been dismissed, giving appellant-plaintiff a right to amend, we could agree.

The trouble is that in the rambling discourse tendered by plaintiff there are elements of pleading prison brutality and of frustrating his attempts to get access to courts. These are cognizable in federal court. See Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718; Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; DeWitt v. Pail, 9th Cir., 366 F.2d 682; Jackson v. Bishop, 8th Cir., 404 F.2d 571.

We have in the record a proposed amended complaint (never filed) of Wimberley which crawled in the record because the state did not object. We have looked at the second effort and find it worse than the first.

Of course, the trial court need not entertain without end a series of wandering, rambling complaints with disconnected grievances, most of which are not cognizable under the Civil Rights Acts or other federal statutes. The court can order them pared down to essentials.