Charles Lewis MOORE, Sr., Plaintiff,

v.

James HOWARD et al., Defendants.

Civ. A. No. 73–373–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 14, 1976.

Charles L. Moore, Sr., pro se.

James W. Hopper, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Charles Lewis Moore, Sr., brings this civil action under 42 U.S.C. § 1983 against the defendants, officials at the James River Correctional Center and members of the Virginia Probation and Parole Board, in their individual and official capacities, for alleged deprivations of his rights as secured by the Fourteenth Amendment to the United States Constitution. Plaintiff is, and was at all times material to this action, an inmate of the State of Virginia in the custody of the Virginia Division of Corrections. He is currently confined at the James River Correctional Center—North Side—State Farm, Virginia. Jurisdiction is attained pursuant to 28 U.S.C. § 1343. Plaintiff seeks damages, injunctive and declaratory relief.

Plaintiff alleges that he has been denied work release and/or parole by reason of his frequent court petitions. The defendants have moved for summary judgment with the submission of an affidavit of W. K. Cunningham, Jr. Mr. Cunningham, a member of the Virginia Probation and Parole Board, avers that the decision to deny plaintiff parole release was not made in consideration of the plaintiff's proclivity to "writing writs" as this factor has nothing to do with whether the plaintiff has been rehabilitated. However, the affiant does not indicate that the plaintiff's petitioners were not considered when he was denied work release. Furthermore, the

plaintiff has responded as to the parole issue by affidavit indicating that various of the defendants have specifically commented during his interviews for prison classification status decisions on his frequent petitions to the courts. He has submitted a letter, dated May 23, 1975 from defendant Smith, Counselor, James River Correctional Center, to the Virginia Probation and Parole Board which makes reference to plaintiff's "very hostile attitude toward most all authority figures" and further states that "when denied his wishes [he] usually resorts to threats and innuendoes (which usually takes the form of writs, etc.)." Concluding therefore, that there are material facts in issue in the case, the Court finds summary judgment inappropriate. Fed. R.Civ.P. 56.

The Supreme Court of the United States has repeatedly affirmed that one of the fundamental rights protected by the due process clause of the Fourteenth Amendment to the Constitution is the right of free access to the courts. Essential to a workable concept of due process is the ability and right of an individual to have "an opportunity . . . granted at a meaningful time and in a meaningful manner," *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965), "for [a] hearing appropriate to the nature of the case." *Mullane v. Central Hanover Dr. Company*, 339 U.S. 306, 313, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). The right of a prisoner to exercise this basic right was established in *Ex parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). "[T]he state and its officers may not abridge or impair petitioner's right to apply to a federal court for writ of habeas corpus." 312 U.S. at 549, 61 S.Ct. at 642, 85 L.Ed. at 1036. *See also Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). In *Hull,* a state prison regulation was struck down that required all legal documents in an inmate's court proceeding be submitted to a prison official for examination and censorship. Disciplining inmates for pursuing legal remedies

to redress alleged abuses of their rights, either by a direct deprivation of privileges or by a denial of potentially available privileges, can similarly severely discourage them from effectively and appropriately utilizing the courts. While courts should be and are reluctant to interfere with the internal administration of prison institutions, they are duty bound to be sensitive to any deprivation of a prisoner's fundamental constitutional rights. Classification decisions, be it for parole or for work release in the correctional system, should not be affected by an individual's efforts to petition the courts for a redress of grievances. See *Morris v. United States*, 399 F.Supp. 720 (E.D. Va.1975).