George W. GANTT #182146

v.

**MD DIVISION OF CORRECTION, et al.**

George W. GANTT #182146

v.

**Lt. PRESSBURY, et al.**

George W. GANTT #182146

v.

**STATEN, et al.**

George W. GANTT #182146

v.

**Paul KNIGHT.**

Civ. A. Nos. PJM–92–1277, PJM–94–2510, PJM–94–3009 and PJM–95–1186.

United States District Court, D. Maryland.

July 27, 1995.

George W. Gantt, Baltimore, MD, pro se.

Glenn W. Bell, J. Joseph Curran, Jr., Stuart M. Nathan, Baltimore, MD, for Maryland Div. of Correction.

Glenn W. Bell, J. Joseph Curran, Jr., Baltimore, MD, for Pressbury.

Glenn W. Bell, J. Joseph Curran, Jr., Baltimore, MD, Joseph B. Chazen, Juliane Corroon–Miller, Riverdale, MD, Daniel Karp, Kevin Bock Karpinski, Regina M. Dufresne, Baltimore, MD, for Staten.

*OPINION*

MESSITTE, District Judge.

George W. Gantt, an inmate in the Maryland Division of Correction, is plaintiff in each of the captioned cases. For the reasons hereinafter set forth, the Court has determined to dismiss all of these cases with prejudice.

I.

For the past five years since Gantt has been an inmate of the Division of Correction he has filed over forty civil rights complaints, suing virtually everyone he has had contact with: police officers, prison guards, wardens, doctors and other prison health care attendants, librarians, food service personnel, even court personnel. Gantt's cases have been assigned to four different Judges of this Court. All of his cases are now closed, with the exception of the four above-captioned cases and a new, recently filed complaint against prison food service personnel. Some of these cases have been dismissed by Gantt himself, others were dismissed for his failure

to exhaust administrative remedies and/or failure to state a cause of action.

With the dismissal of his cases, Gantt's pleadings and other communications with the Court have become increasingly abusive, insulting, and threatening. Things got to the point where, on August 4, 1994, the Court issued an Order directing the Clerk of the Court not to respond to abusive correspondence sent by Gantt.

On October 17, 1994, the Court ordered Gantt to send all of his Court-directed communications to a special office monitored by the Court's security personnel. *See* Opinion filed October 17, 1994 in *In re: George W. Gantt,* No. MISC–94–82 (D.Md.) (Attachment A hereto).[1] The Court was provoked into taking this action by reason of yet another abusive letter sent by Gantt, this one apparently streaked with excrement. The Court's Order contained an express warning:

> Mr. Gantt is cautioned that should he continue the abuse he has heretofore committed in his communications with the Court and its Judges or should he attempt to circumvent the policy set out herein, this Court will consider the imposition of sanctions against him, including but not limited to the dismissal of any and all pending civil actions; and after appropriate due process notice.

The Court directed that a copy of the Order be filed in all pending cases in which Gantt was a party, as well as any cases subsequently filed by him.

Gantt appealed that Order to the United States Court of Appeals for the Fourth Circuit which, in an unpublished per curiam opinion, affirmed "the reasoning of the district court ... directing Plaintiff not to file documents with the court that contain threats, obscenities, or excrement." *See In re: George W. Gantt,* No. 94–7384, slip op., 1995 WL 378591 (4th Cir. June 27, 1995), (unpublished per curiam) (Attachment B hereto).

On April 28, 1995, another letter plainly in Gantt's handwriting was received in the Of-

---

1. The Court signed this Order on October 13, 1994 and Clerk filed it on October 17, 1994. The Court's Order to Show Cause signed on May 17, 1994, refers to the earlier Order according to its date of filing, October 17, 1994.

fice of the Clerk of this Court in Baltimore. The letter, addressed to and read by a member of the Clerk's office staff, stated as follows:

> You stinking racist white bitch where the fuck is my 4/10/95 notice of appeals filed in this court at? come drinking white racist redneck bitch what the fuck you and your whores do with my writ of mandamus filed 4/12/95 in the fourth circuit and a copy to that lying redneck bitch judge Walter E. Black?

This letter, on its face, unquestionably violated the Court's Order of October 17, 1994. Not long after, the Clerk of the Southern Division of this Court in Greenbelt received a letter from Gantt which once again appeared to be streaked with excrement, another flagrant violation of the Court's Order of October 17, 1994.

By Order dated May 17, 1995, entered in civil dockets PJM–92–1277, PJM–93–828, PJM–94–250, PJM–94–3009, and PJM–95–1186 (Attachment C hereto), the Court directed Gantt to show cause within twenty days why the cases should not be dismissed with prejudice because of his violation of the Order of October 17, 1994.[2]

Gantt has now filed a response, offering two essential reasons why the Court should not dismiss his suit. First, he contends he has full-blown AIDS and suffers from "cognitive impairment, nutritional deficiency, and toxic complications associated with prolonged use of the drug AZT without medical treatment", such that he has "no knowledge of writing such a letter." Second, he suggests that he acted out of justifiable "stress, anger and rage" caused not only by his medical condition, but "by this Court's prejudice and conspiracies," his "being retaliated against" by certain persons, and because of "this Court's bias, discrimination, (and) non-expertise regarding the AIDS virus."

The Court is persuaded by neither of these reasons.

## II

The Court has considered hundreds of pages detailing Gantt's medical history since his entry into the Division of Correction. Although he is HIV-positive and apparently has a dwindling T-cell count indicative of the decline experienced by those infected with the virus, prison medical care providers have not stated that Gantt currently suffers from "full-blown AIDS". While it may well be that some persons afflicted with full-blown AIDS will develop dementia by the late stages of the disease, *See The Merck Manual,* (16th ed. 1992), (p. 1404), early manifestations include slowed thinking and expression, difficulty in concentration, and apathy. Manifestations of depression, however, are rare, and insight is generally preserved. (*Id.*) Thus even if the Court assumes that Gantt was suffering from some level of AIDS dementia (a condition in no way suggested in the numerous medical records), it would not be inclined to find that he lacked appreciation of what he was doing while formulating the abusive and offensive letters that are the subject of this Opinion. That he was able to formulate letters concerning specific cases pending before this Court, address them to specifically identified court personnel, and have the letters mailed, demonstrates quite forcefully that he knew full well what he was doing.

As to Gantt's second proffered reason for sending the obscene materials, that he acted out of "stress, anger and rage", it is equally apparent that such emotions in no way justify the type of misconduct and abuse that Gantt has heaped upon this Court and its employees during his extensive litigative activities.

## III

In its Orders of October 17, 1994 and May 17, 1995, the Court warned Gantt that the sanction of dismissal of his cases with prejudice might be imposed if he persisted in his offensive filings. The Court now imposes that sanction in each of the captioned cases.

## IV

▇ "The Federal Rules of Civil Procedure recognize that courts must have the

---

**2.** Since the filing of the Show–Cause Order, PJM 93–828 has been dismissed for reasons unrelated to the Court's Show–Cause Order of May 17, 1995. However, that suit would also be subject to dismissal for the reasons set forth in this Opinion.

authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)". *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir.1989). Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte. Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *White v. Raymark Industs., Inc.,* 783 F.2d 1175 (4th Cir.1986); *Zaczek v. Fauquier County, Va.,* 764 F.Supp. 1071, 1074 (E.D.Va. 1991). Pro se litigants, including prison inmates, are subject to all appropriate sanctions for their misconduct. *Ballard,* 882 F.2d at 94; *Zaczek,* 764 F.Supp. at 1076.

The Fourth Circuit, in *Davis v. Williams,* set out the considerations generally taken into account when a district court contemplates dismissal with prejudice:

> A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of "the sound public policy of deciding cases on their merits." *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir.1974); 9 Wright & Miller, Federal Practice and Procedure @ 2370, at 216–17. Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (a) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' " and (4) the effectiveness of sanctions less drastic than dismissal. *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir.1976).

588 F.2d 69, 70 (4th Cir.1978).

Subsequently, however, in *Ballard v. Carlson,* the Fourth Circuit observed that "the four factors ... are not a rigid four-pronged test." 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant ... In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

In *Zaczek,* Judge Robert R. Merhige, Jr. of the United States District Court for the Eastern District of Virginia formulated his own four-part test, tailored more precisely to instances in which a plaintiff has acted in bad faith or contumaciously in disobeying a Court Order. Noting that the Fourth Circuit cases involving involuntarily dismissal under Fed. R.Civ.P. 41(b) are primarily based on failures to prosecute, Judge Merhige examined instead these factors:

> (1) the bad faith or deliberate misconduct of the plaintiff; (2) the notice which the plaintiff received concerning the consequences of his continued misconduct; (3) the amount of prejudice caused by the plaintiff; (4) the existence of an effective sanction which is less drastic.

764 F.Supp. at 1079.

■ With slight modification, the Court finds that Judge Merhige's test is an appropriate one to apply to the facts at hand. Here, as in *Zaczek,* the Court concludes that dismissal of the Plaintiff's actions with prejudice is the proper sanction to impose.

As to the first of Judge Merhige's factors, Gantt's actions have been deliberate and in bad faith. He is the author of the abusive, threatening, insulting and vile correspondence as to which there is no need to editorialize; it speaks for itself. Caking his letters with excrement is the height of contumely. There is no conceivable justification for this behavior.

Second, Gantt received fair warning that if he persisted in his actions he ran the risk of dismissal of his suits.

Third, whether or not there has been prejudice to an opposing party—Judge Merhige's third factor—Gantt's actions constitute a direct assault upon the integrity and dignity of the Court and the judicial process. That factor is at least as important as direct prejudice to an opposing party, and in the Court's view, fairly substitutes in Judge Merhige's calculus.

Finally, the Court considers whether a sanction less drastic than dismissal is appropriate. Gantt will be an inmate of the Department of Corrections for many years. His numerous suits have always been filed *in forma pauperis.* Under the circumstances,

further incarceration or fines would be meaningless.

All things considered, the Court has little alternative to dismissal. Any other course would place the credibility of the Court in doubt and invite even further abuse. *See Ballard*, 882 F.2d at 96; *see also Zaczek*, 764 F.Supp. at 1080.

A separate Order will be entered implementing this decision.[3]

## ATTACHMENT A

In the United States District Court for the District of Maryland

In the Matter of George W. Gantt

Miscellaneous No. 94–82

### ORDER

MESSITTE, District Judge.

This Order is issued upon consideration of Mr. Gantt's communications to the Court in Civil Action Nos. PJM–92–1277, PJM–93–828, PJM–93–3765, PJM–93–4028, PJM–94–17, and PJM–94–82, which contain threats against various persons, obscenities and, most recently, unsanitary materials.[1]

The Court believes that the Order entered in this District by the Honorable Marvin J. Garbis in *In the Matter of Scott Rendelman*, Misc. No. 93–56 is particularly appropriate in this case as well and quotes extensively from Judge Garbis' Order:

"The Court recognizes at the outset that prison inmates retain a number of constitutional rights, including the right to petition the government for redress of grievances, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the protection of due process, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the freedom of expression, *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and the right to access to the courts. *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). 'The contours of these rights are, however, imprecise.' *United States v. Stotts*, 925 F.2d 83, 86 (4th Cir. 1991). Legitimate penological objectives, such as the deterrence of crime, warrant limits on the exercise of inmate rights. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). As a result, an inmate's right of access to courts is not absolute or unconditional. *See Solomon v. Zant*, 888 F.2d 1579, 1581 (11th Cir.1989). The constitutionally relevant bench mark is meaningful access, not total or unlimited access, *see Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir.1986) and reasonable restrictions not rising to the level of an outright denial or significant impairment of access have been upheld. *See Application of Chessman*, 44 Cal.2d 1, 279 P.2d 24 (1955) (holding that a convicted prisoner was not entitled to "immediate access by mail to federal or state courts at all times.")

"The Court further recognizes that Congress has imposed upon the district court the responsibility to consider each prisoner complaint when filed and only the federal court may determine whether the complaint is properly drawn and states a legitimate claim. *See Ex Parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 641–42, 85 L.Ed. 1034 (1941). In addition to this responsibility, however, the district court has the jurisdiction to protect itself against the abuses that some litigants visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *See In re Martin–Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984)."

This Court finds that Mr. Gantt is abusing his privilege of sending uncensored mail to the Court. A portion of Mr. Gantt's mail does include legal pleadings and correspondence that is neither obscene, threatening nor inclusive of foul physical material. All such items have been docketed accordingly or placed in the appropriate court files.

---

**3.** The Court does not intend to totally deny Gantt access to all court proceedings hereafter. Gantt is advised, however, that if, in other lawsuits, he persists in the sort of behavior that has occasioned dismissal of the present suits, the Court will entertain the sanction of dismissal of those suits with prejudice as well.

**1.** Specifically, several items of correspondence recently received in this Court appear to be streaked with excrement.

However, a considerable volume of his communications with the Court, primarily correspondence, has been addressed directly to individual judges and courthouse personnel and contains material and language that are offensive and threatening in nature, *see e.g.* court files in Civil Action Nos. PJM–94–1277, PJM–93–828, PJM–93–3825, PJM–93–4028 and PJM–94–17. The Court holds that such documents shall not hereafter be accepted for filing or substantive review in this Court.

In accordance with the foregoing, it is this *13th* day of October, 1994, ORDERED that:

1) Mr. Gantt shall not hereafter send any communications directly to any Judge of this Court or to any Judge's Chambers.

2) Mr. Gantt shall not file with this Court any communications containing obscene, abusive, or threatening language of any sort or containing any foreign materials of any kind, including but not limited to excrement.

3) Mr. Gantt shall be required to place his name and return address on communications with this Court and shall address all future requests for relief by this Court to:
Security Office
Office of the Clerk
United States District Court
101 West Lombard Street
Baltimore, Maryland 21201

4) Any communication that Mr. Gantt fails to list his address as directed above shall promptly be returned to Mr. Gantt unopened under signature of this Court, pursuant to Fed.R.Civ.P. 5(e);

5) If the address used by Mr. Gantt complies with the above direction, the communication shall be opened by the Security Office for examination of its contents;

6) If the Security Office determines that the contents of the communication are in compliance with this Order, the materials shall be filed or placed in the appropriate Court file. If the contents do not comply with this Order, the materials will be returned to Mr. Gantt under signature of this Court, pursuant to Fed.R.Civ.P. 5(e); provided that any communication containing any foreign object (including but not limited to excrement) will not be returned, but will be disposed of;

7) Copies of all documents and envelopes returned to Mr. Gantt shall be placed in the court file of this miscellaneous action;

8) Mr. Gantt is cautioned that should he continue the abuse he has heretofore committed in his communications with the Court and its Judges or should he attempt to circumvent the policy set out herein, this Court will consider the imposition of sanctions against him, including but not limited to the dismissal of any and all pending civil action; after appropriate due process notice;

9) The Clerk of the Court shall MAIL a copy of this Order VIA CERTIFIED MAIL to Mr. Gantt and shall also MAIL a copy of this Order to the United States Marshal; to the Office of the Maryland Attorney General, Correctional Litigation Section, 200 St. Paul Place, Baltimore, Maryland 21202; and to the Warden of the Maryland Correctional Adjustment Center, 401 E. Madison Street, Baltimore, Maryland 21202; and

10) This Order shall apply in all cases now pending or hereafter filed in which George Gantt is a party. A copy of this Order shall be filed in all such dockets.

*ATTACHMENT B*

*UNPUBLISHED*

United States Court of Appeals
for the Fourth Circuit

No. 94–7384

In Re: GEORGE W. GANTT,

Petitioner—Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Peter J. Messitte, District Judge. (MISC–94–82)

Submitted: May 31, 1995

Decided: June 27, 1995

Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George W. Gantt, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See I.O.P. 36.5, and 36.6.

PER CURIAM:

Appellant appeals from the district court's miscellaneous order directing him not to file documents with the court that contain threats, obscenities, or excrement. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *In re: George W. Gantt,* No. MISC–94–82 (D.Md. Nov. 2, 1994). *See* Fed. R.Civ.P. 83; *Strickler v. Waters,* 989 F.2d 1375, 1384 (4th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

### ATTACHMENT C

In the United States District Court for the District of Maryland

George W. Gantt # 182146

v.

MD Division of Correction, et al.

George W. Gantt # 182146

v.

Prison Health Systems, et al.

George W. Gantt # 182146

v.

Lt. Pressbury, et al.

George W. Gantt # 182146

v.

Staten, et al.

George W. Gantt # 182146

v.

Paul Knight

**Civ. A. Nos. PJM–92–1277, PJM–93– 828, PJM–94–2510, PJM–94–3009 and PJM–95–1186.**

*ORDER TO SHOW CAUSE*

MESSITTE, District Judge.

On October 17, 1994 this Court ordered plaintiff to stop his practice of sending ob-

scene, threatening or unsanitary materials to the Court and its companion offices, or risk imposition of sanctions. *See In the Matter of George W. Gantt,* Misc. No. 94–82, a copy of which is attached hereto.

On April 28, 1995 a letter plainly in plaintiff's handwriting was received in the Clerk's Office in Baltimore. That letter, addressed to and read by a member of the Clerk's Office staff, reads as follows:

> You stinking racist white bitch where the fuck is my 4/10/95 notice of appeals filed in this court at? come drinking white racist redneck bitch what the fuck you and your whores do with my writ of mandamus filed 4/12/95 in the fourth circuit and a copy to that lying redneck bitch judge Walter E. Black?
>
> Yours truly, "The George W. Gantt case."

This letter clearly violates the Order set forth in Misc. No. 94–82. Plaintiff shall be granted twenty (20) days in which to show cause why the above-captioned cases should not be dismissed with prejudice, due to plaintiff's violation of the Order in Misc. No. 94– 82.

IT IS SO ORDERED this 17 day of May, 1995.