ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JORGE POMALES OFRAY<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE<br>CORRECCIÓN Y<br>REHABILITACIÓN<br>Recurrente | KLRA202300036 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm. 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<br><br>Sobre:<br>Incidente disciplinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece el Sr. Jorge Pomales Ofray (en adelante, Sr. Pomales Ofray o recurrente) mediante recurso de *Revisión Administrativa,* en el cual nos solicita que revoquemos la *Resolución* notificada el 29 de noviembre de 2022, por el Departamento de Corrección y Rehabilitación (en adelante, DCR). Mediante dicho dictamen, el DCR determinó que el Sr. Pomales Ofray cometió una violación al Reglamento para Establecer el Procedimiento Disciplinario de Programas de la Población Correccional, Reglamento Núm. 9221 del 8 de octubre de 2020 (en adelante, Reglamento 9221).

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**I**

El 30 de septiembre de 2022, al Sr. Pomales Ofray se le radicó un *Informe Disciplinario* en donde la Oficial Correccional, Jomairy

Medina Del Valle (en adelante, Medina Del Valle), notificó que, a la hora del recuento reglamentario, al pasar por el cubículo 22 se percató de que el recurrente tenía un "toldo" que impedía completamente la visibilidad.[1] En la querella se especifica que violó el Código 210 del Reglamento 9221, *supra.* El 21 de octubre de 2022, el DCR citó al Sr. Pomales Ofray para *Vista Administrativa* pautada para el 15 de noviembre de 2022. El 29 de noviembre de 2022, el DCR notificó una *Resolución* mediante la cual la Examinadora de Vistas Disciplinarias determinó que el Sr. Pomales Ofray en efecto, cometió el acto prohibido alegado en la querella, el Código 210 del mencionado reglamento por obstaculizar o entorpecer la visibilidad del área de la vivienda, y fue suspendido de los privilegios de visita y comisaria por diez (10) días.[2]

El mismo día, el Sr. Pomales Ofray presentó una *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado* (*Solicitud de Reconsideración*).[3] Mediante este recurso solicitó reconsideración de la determinación del Examinador de Vistas Disciplinarias alegando se habían cometido varios errores:

1) Aparecen dos números de querellas diferentes, el número 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 y el número 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.

2) En ningún momento presentaron la evidencia obtenida por la oficial para hacer la querella del toldo respecto a donde se encontraba ubicado porque en la vista no lo mostraron.

3) Lo están sancionando más de una vez quitándole el derecho de la visita que no es un privilegio y el hacer su comisaría.

El 15 de diciembre de 2022, notificada el 5 de enero de 2023, el DCR acogió la *Solicitud de Reconsideración* y reafirmó la sanción impuesta de suspensión de visitas y comisaría por diez (10) días.[4] El DCR estableció como determinaciones de hechos las siguientes:

---

[1] Apéndice, *Escrito en Cumplimiento de Resolución*, págs. 1-2.
[2] Apéndice, *Escrito en Cumplimiento de Resolución*, págs. 10-11.
[3] Apéndice, *Escrito en Cumplimiento de Resolución*, págs.12-13.
[4] Apéndice, *Escrito en Cumplimiento de Resolución*, págs. 14-15.

1) Que el día 29 de septiembre de 2022, la querellante, Jomairy Medina del Valle, se encontraba en la Institución Ponce Mínima, Fase I.

2) Que la querellante estaba efectuando el recuento reglamentario.

3) Que la querellante al pasar por el cubículo DB-22, que pertenece al querellado, observó que tenía un toldo tapando completamente la visibilidad hacia su cubículo.

4) Que la querellante procedió a ocupar el toldo.

5) Que el día de la vista el querellado se declaró inocente.

Inconforme la parte aquí recurrente con dicha determinación, acudió ante nos el 20 de enero de 2023 mediante recurso de revisión administrativa. En su escrito, el Sr. Pomales Ofray arguye que como resultado de la Vista de la Querella se le violó su derecho a defenderse y a tener un proceso justo e "imparcial" y que la querella fue "malintencionada". Alega que fue la misma Oficial Examinadora que resolvió la querella, la que atendió la *Solicitud de Reconsideración.* Además, reclamó que no le permitieron declarar en la Vista de la Querella y que no le proveyeron las declaraciones de los testigos de la oficial que radicó la querella, la Sra. Medina Del Valle.

El 17 de febrero de 2023, en cumplimiento con nuestra Resolución de 1 de febrero de 2023, compareció el DCR representado por la Oficina del Procurador General de Puerto Rico mediante *Escrito en Cumplimiento de Resolución.* En su escrito, el DCR solicitó se confirme la *Resolución* recurrida. En específico, argumentó que a la parte recurrente (1) no le asiste la razón al señalar que no se le leyeron ni entregaron papeles de las declaraciones de los supuestos testigos pues surge de la investigación que el recurrente no solicitó dichos testigos; (2) no existe un impedimento a que la Oficial Examinadora atienda la reconsideración puesto que el Reglamento 9221, *supra*, dispone en

la Regla 25, inciso 9, que si el Oficial Examinador presenció o tiene conocimiento del incidente o redactó la querella que tiene ante su consideración, deberá inhibirse de evaluar este proceso y que en este caso la Oficial Examinadora era la Sra. Madeline Morales Santiago y quien radicó la querella fue la Sra. Medina Del Valle; y por último que no tiene razón el recurrente sobre los señalamientos en cuanto a su Plan Institucional ya que se probaron los elementos del código disciplinario y procedía la sanción.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.     Revisión judicial de determinaciones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010) y *Mun. de. San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

Nuestro Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores, supra*, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999). La

evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir. Cond., supra; Otero v. Toyota*, 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa, como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota, supra*, pág. 728. En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la

especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

En virtud de la Constitución Federal, las instituciones penales están obligadas a brindarles a los confinados diversos recursos de índole legal, para facilitar cualquier acción de derechos civiles que pudiera surgir mientras cumplen su condena. Véase, *Pérez López v. Depto. de Corrección y Rehabilitación*, 208 DPR 656 (2022), citando en aprobación los casos: *Christopher v. Harbury*, 536 US 403, 415 (2002); *Lewis v. Casey*, 518 US 343, 355 (1996); *Bounds v. Smith*, 430 US 817, 821 (1977); *Younger v. Gilmore*, 404 US 15 (1971) (Per curiam); *Johnson v. Avery*, 393 US 483 (1969); *Ex parte Hull*, 312 US 546 (1941).

### B. Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional

El Secretario del DCR promulgó el Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional, aprobado el 8 de octubre de 2020. Dichas normas fueron adoptadas en virtud de las disposiciones contenidas en el Plan de Reorganización Núm. 2-2011 del Departamento de Corrección y Rehabilitación. Este reglamento se aprobó para constituir la estructura disciplinaria para los miembros de la

población correccional cumpliendo con la política pública de modificación de conducta desde la perspectiva de rehabilitación, y evitando un carácter punitivo.[5]

Por su parte, la Regla 6 del Reglamento 9221, *supra*, respecto a las querellas disciplinarias dispone lo siguiente:

> "Cualquier persona, visitante, miembro de la población correccional, empleado civil de la institución, oficial correccional, funcionario del Departamento de Corrección y Rehabilitación o empleado de otra agencia que trabaje en la institución, puede presentar una querella contra un miembro de la población correccional, utilizando el formulario suministrado para tales propósitos, en las siguientes circunstancias:
>> [...] Cuando sea **testigo de un acto** o incidente prohibido, o infracción a las normas y reglamentos del Departamento de Corrección y Rehabilitación por parte de un miembro de la población correccional."

Además, la Regla 31 del Reglamento 9221, *supra*, establece el proceso para la presentación de testigos durante la vista ante el oficial examinador. En lo pertinente dispone que:

> "El Oficial Examinador y el miembro de la población correccional-querellado **podrán solicitar la presencia de testigos** que tengan información pertinente y estén razonablemente disponibles.
> No será necesaria ni se solicitará la comparecencia de testigos para presentar evidencia repetitiva, ni testigos adversos, cuando su conocimiento sobre el incidente surja de manera clara de la querella disciplinaria, documentos complementarios o del Informe del Oficial de Querellas."

La Regla 10 inciso (B) del Reglamento 9221, *supra*, establece los derechos que le asisten a la persona querellada durante el proceso disciplinario administrativo:

> "Se le advertirá al querellado sobre los siguientes derechos que le asisten durante el procedimiento disciplinario administrativo:
>
> 1) Derecho a guardar silencio.
> 2) Derecho a recibir asistencia del Oficial de Querellas.
> 3) **Podrá solicitar** al Oficial de Querellas que entreviste **testigos específicos** y los interrogue con preguntas especificas previamente sometidas por el miembro de la población correccional.
> 4) Advertencia de que su declaración debe ser libre y voluntaria. Ninguna técnica de presión, amenaza,

---

[5] Véase, *Introducción del Reglamento 9221*, pág. 1.

coerción o intimidación puede ejercerse para forzarlo a responder."

Respecto a las funciones del Oficial Examinador para atender mociones de reconsideración, el Reglamento 9221, *supra*, en la Regla 4 establece que:

"El oficial examinador es el funcionario que preside las vistas administrativas para dilucidar los casos en que se le imputa la comisión de un acto prohibido a un miembro de la población correccional en la institución."

Adicional a esto, la Regla 30 del Reglamento 9221, *supra*, establece que:

"Éste tendrá jurisdicción e inherencia para evaluar y adjudicar las querellas disciplinarias e imponer las sanciones que a su discreción entienda correspondientes. Además, **tendrá jurisdicción para la consideración y disposición de las solicitudes de reconsideración de sus propias decisiones**."

Por último, respecto a las sanciones que se impondrán cuando se cometan actos prohibidos está regulado en las Reglas 4, 14, 15, 16 y 17 del Reglamento 9221, *supra*. En lo pertinente, la Regla 4 define **acto prohibido** como "cualquier acto que implique una violación a las normas de conducta de la institución que conlleve la imposición de medidas disciplinarias, incluyendo cualquier acto u omisión, o conducta tipificada como delito."

La Regla 14 del Reglamento 9221, *supra*, establece la escala disciplinaria de los actos prohibidos:

**Nivel I**: Actos prohibidos, tentativa de actos prohibidos, como los tipificados en el Código Penal de Puerto Rico como delito grave y en las leyes especiales. Violaciones administrativas que por su propia naturaleza y magnitud constituyen riesgo o amenaza a la tranquilidad, la seguridad y el funcionamiento institucional; o a cualquier persona.

**Nivel II**: Actos prohibidos, tentativa de actos prohibidos, como los tipificados en el Código Penal de Puerto Rico como delito menos grave y en las leyes especiales. Violaciones administrativas que por su propia naturaleza y magnitud perturban la paz institucional y no necesariamente constituyen una amenaza a la seguridad institucional.

En cuanto al acto prohibido imputado al recurrente, la Regla 15 del Reglamento 9221, *supra*, define el Código 210 de la siguiente manera:

> (210) **Obstaculizar o Entorpecer la Visibilidad del Área de Vivienda** – Se prohíbe la utilización de cualquier división, objeto o material para cubrir, entorpecer, impedir o limitar la visibilidad en el área de vivienda propia o ajena, de manera parcial o total.

Por su parte, la Regla 17 del Reglamento 9221, *supra*, en el inciso (5) (e) hace referencia a la medida disciplinaria relacionada con la Privación de Privilegios. En lo pertinente establece que:

> "**Privación de Privilegios**: La privación de los privilegios podrá incluir la compra en la **comisaría**, recreación activa, **visita**, correspondencia, actividades especiales y cualquier otro que se le conceda en la institución.
>
> > (A) Procederá la imposición de privación de privilegios como medida disciplinaria, **aun cuando el acto prohibido no esté relacionado con los privilegios retirados**, así como en aquellas instancias en que la situación particular del caso permita concluir que dicha medida disciplinaria tendrá un efecto significativo en el mejoramiento del comportamiento del miembro de la población correccional.
> >
> > [...]
> >
> > (E) Los limites específicos de tiempo para la privación de privilegios de acuerdo al nivel de severidad el acto prohibido serán los siguientes:
> >
> > > [...]
> > >
> > > Nivel II – Privación de privilegios de uno (1) a treinta (30) días por violación, a ser determinado por el Oficial Examinador."

### III

En el caso de marras, el Sr. Pomales Ofray nos plantea que la determinación emitida por el DCR no procede pues (1) no se le entregó copia de las declaraciones de los testigos, (2) que quien atendió la *Reconsideración* presentada por él no podía ser la misma que emitió la *Resolución* y (3) que se le violentó su debido proceso de ley al "dañar" su plan institucional. No le asiste la razón.

Surge de la investigación realizada por el DCR que el Sr. Pomales Ofray no solicitó testigos ni alguna declaración específica sobre algún testigo en particular. Por lo tanto, al no solicitarlo en su debido momento, no le cobijan las disposiciones de la Regla 10 y la Regla 31 del Reglamento 9221, *supra.*

Además, surge del propio Reglamento 9221, *supra,* que el Oficial Examinador que preside las vistas administrativas para dilucidar los casos de la comisión de un acto prohibido, tendrá jurisdicción para la consideración y disposición de las solicitudes de reconsideración de sus propias decisiones. Por lo tanto, no tiene razón el Sr. Pomales Ofray, pues la Sra. Madeline Morales Santiago, quien adjudicó la *Resolución,* no tenía impedimento legal para atenderla.

Finalmente, las sanciones impuestas por el DCR al Sr. Pomales Ofray fueron acorde a las disposiciones del Reglamento 9221, *supra.* Como resultado de la investigación del DCR, se probó que, en efecto, el Sr. Pomales Ofray cometió la violación al Código 210 del Reglamento. Dicha violación se considera una de Nivel II. Las sanciones impuestas al Sr. Pomales Ofray fueron la suspensión de la comisaría y visitas por 10 días, considerados privilegios en el Reglamento 9221, *supra.* Dispone dicho reglamento que la sanción a imponer puede ser de un día hasta treinta días, a ser determinado por el Oficial Examinador. En su caso y a discreción del Oficial Examinador, fue sancionado por un término de 10 días. El término dispuesto está dentro del tiempo dispuesto en el reglamento, por lo que la decisión emitida por el DCR fue correcta.

En conclusión, las escuetas alegaciones de la parte recurrente no han demostrado o evidenciado perjuicio alguno de parte del DCR y mucho menos el perjuicio real exigido por la norma jurisprudencial. Por tanto, sostenemos la determinación del foro

administrativo ante ausencia de indicios de irregularidad, irrazonabilidad, arbitrariedad o error.

**IV**

Por los fundamentos anteriormente esbozados, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones