

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDULLAHI KHALIF NOOR, | No. 23-1736 |
| Petitioner - Appellant, | D.C. No. 2:22-cv-00270-JHC |
| v. | |
| MELISSA ANDREWJESKI, Superintendent, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Argued and Submitted September 11, 2024
Seattle, Washington

Before: W. FLETCHER and SUNG, Circuit Judges, and RAKOFF, District
Judge.[**]

Petitioner-Appellant Abdullahi Khalif Noor ("Noor") appeals from the

district court's denial of his petition for a writ of habeas corpus, which challenged

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

his indeterminate life sentence in Washington State prison. The district court granted a certificate of appealability ("COA") for one claim—Noor's constitutional challenge to the COA requirement itself. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we review the district court's denial of habeas relief de novo, *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019).

Noor argues that the COA requirement violates the Due Process Clause and Equal Protection Clause of the Fifth Amendment. The district court "decline[d] Petitioner's request to strike down the certificate of appealability requirement." Noor makes the same request of this Court. We agree with the district court and uphold the COA requirement as constitutional. Accordingly, we affirm the district court's denial of habeas relief.

Congress created the current COA requirement, codified under 28 U.S.C. § 2253(c), when it passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. No. 104-132, § 102, 110 Stat. 1214, 1217–18. The statute requires habeas petitioners to obtain judicial preclearance before appealing the denial of habeas relief. 28 U.S.C. § 2253(c)(1). Habeas petitioners must make "a substantial showing of the denial of a constitutional right" to receive a COA. *Id.* § 2253(c)(2). By comparison, government respondents may appeal without a COA. Fed. R. App. P. 22(b)(3).

First, the COA requirement does not violate the Due Process Clause because it does not infringe a fundamental right. While there is a "fundamental constitutional right of access to the courts," *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)), this right is not absolute. *See Boddie v. Connecticut*, 401 U.S. 371, 382 (1971) ("We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment."). The Constitution does not protect a right to appeal in federal habeas corpus proceedings. *Abney v. United States*, 431 U.S. 651, 656 (1977). It is true that prisoners have a constitutional right to file habeas petitions. *Ex parte Hull*, 312 U.S. 546, 549 (1941) (declaring invalid a regulation that required screening of prisoners' habeas petitions). But Noor has provided no caselaw extending this right to *habeas appeals*. Further, the COA requirement preserves appeal in certain well-defined situations and avoids "unreasoned distinctions" between habeas petitioners and government respondents. *Rinaldi v. Yeager*, 384 U.S. 305, 310 (1966).

Second, the COA requirement's disparate treatment of petitioners and government respondents is constitutional. Because habeas petitioners are not a suspect class, the COA requirement must simply be "rationally related to a

legitimate governmental purpose." *Hodel v. Indiana*, 452 U.S. 314, 331 (1981). The prevention of frivolous appeals is a legitimate government interest, and the COA requirement is rationally related to this purpose. It is reasonable for Congress to anticipate that government respondents would file fewer frivolous appeals than habeas petitioners. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1031 (9th Cir. 2010) ("[A] state action need not *actually* further a legitimate interest; it is enough that the governing body '*could have rationally decided* that' the action would further that interest." (quoting *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 466 (1981))).

Noor contends that the COA requirement fails rational basis review because it is motivated by "animus" against habeas petitioners. Noor points to the legislative history for a 1908 act that created the precursor to the COA requirement—a certificate of probable cause. Act of March 10, 1908, Pub. L. No. 60-46, 35 Stat. 40, c. 76. The legislative history suggests that the 1908 Congress may have been motivated by the purpose of preventing lynching. Comm. on the Judiciary, Restriction of Right of Appeal in Habeas Corpus Proceedings, H.R. Rep. No. 23, at 2 (1st Sess. 1908). Noor argues that this purpose perpetuated racist mythology that delays in cases that resulted in "lynching [were] due to frivolous and time-consuming appeals by guilty Black rapists." Whether or not this is true,

4

Noor concedes that there is no legislative history to suggest that this purpose motivated Congress when it passed AEDPA 88 years later.  Further, Noor has the burden of refuting "every conceivable basis" for the COA requirement under rational basis review.  *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). Noor has not carried this burden because the COA requirement is rationally related to the legitimate purpose of preventing frivolous appeals.

    **AFFIRMED.**