684 So.2d 834 (1996)
Frankie Lee BASS, Leonard Bean, and Enrique J. Diaz, Appellants,
v.
DEPARTMENT OF CORRECTIONS, et al., Appellees.
No. 94-4301.
District Court of Appeal of Florida, First District.
December 5, 1996.
Rehearing Denied January 10, 1997.
Appellants pro se.
Robert A. Butterworth, Attorney General; Sandra C. Upchurch, Assistant Attorney General, Tallahassee, for Appellees.
WEBSTER, Judge.
Appellants, inmates of the state correctional system, seek review of an adverse summary final judgment entered in a civil action seeking a declaratory judgment that two identical rules adopted by the Department of Corrections, which prohibit inmates in disciplinary confinement from preparing legal documents (subject to limited exceptions), are unconstitutional because they deny access to the courts. We conclude that the challenged rules impermissibly impair the right of those in disciplinary confinement to apply to federal courts for writs of habeas corpus and to file civil rights actions, seeking the vindication of federally protected rights. Accordingly, we reverse.
Appellants challenge what are now Florida Administrative Code rules 33-3.005(5) and 33-3.0084(1)(i)1. They argue that both rules violate the United States Constitution because they deny those who are placed in disciplinary confinement access to the courts. The Department did not challenge appellants' standing to maintain this action in the trial court, and it is apparent from the record that appellants do, in fact, have standing.
The two rules challenged by appellants both contain the following language:
Inmates in disciplinary confinement shall not be allowed to prepare legal documents and legal mail, to have access to their personal legal papers, to receive materials from the law library, or visit with inmate law clerks while in that status except under the following conditions:
(a) When there is a time limitation imposed by law, rule or order of court on the filing of legal documents and it is necessary *835 for the inmate to prepare the documents while in confinement status in order to file them within the required time.
(b) When the inmate wishes to prepare legal documents to file with a court for the purpose of testing the legality of his disciplinary confinement.
(c) When confinement in disciplinary status extends beyond a 60 day period.
Fla.Admin.Code R. 33-3.005(5); 33-3.0084(1)(i)1. The Department concedes that the foregoing language prohibits all access to courts, including the filing of federal habeas corpus petitions and civil rights actions, by inmates in disciplinary confinement unless either (1) the inmate can demonstrate that a filing deadline can only be met by preparing legal documents while in confinement, or (2) the inmate wishes to challenge either the legality or the conditions of "his disciplinary confinement." However, it contends that the challenged rules establish a reasonable balance between an inmate's right of access to courts and the Department's penological interest in controlling behavior and ensuring the safety of the inmate population. The trial court agreed and, accordingly, held that neither rule unconstitutionally infringed upon appellants' right of access to the courts. This appeal follows.
In Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941), the United States Supreme Court invalidated a Michigan prison regulation which required that inmates submit all federal habeas corpus petitions to the prison welfare office, and then to the legal investigator for the parole board, for a determination that they were properly drawn. In doing so, it said that "the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus." 312 U.S. at 549, 61 S.Ct. at 642. Similarly, in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Court struck down a Tennessee prison regulation that prohibited one inmate from assisting another in the preparation of legal documents of any kind, relying on its earlier decision in Ex parte Hull. Its decision contains the following pertinent language:
Tennessee urges ... that the contested regulation in this case is justified as a part of the State's disciplinary administration of the prisons. There is no doubt that discipline and administration of state detention facilities are state functions. They are subject to federal authority only where paramount federal constitutional or statutory rights supervene. It is clear, however, that in instances where state regulations applicable to inmates of prison facilities conflict with such rights, the regulations may be invalidated.
393 U.S. at 486, 89 S.Ct. at 749.
Subsequently, the Court extended to the filing by inmates of federal civil rights complaints seeking vindication of federally protected rights the same status previously accorded to the filing of federal habeas corpus petitions. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Court said that
both actions serve to protect basic constitutional rights. The right of access to the courts, upon which Avery was premised, is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ.
418 U.S. at 579, 94 S.Ct. at 2986.
The Court reaffirmed the principles announced in Ex parte Hull, Johnson v. Avery and Wolff v. McDonnell in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). In Bounds, it said that "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts" (430 U.S. at 821, 97 S.Ct. at 1494), and that "habeas corpus and civil rights actions are of `fundamental importance ... in our constitutional scheme' because they directly protect our most valued rights," citing Johnson v. Avery, 393 U.S. at 485, 89 S.Ct. at 749, and Wolff v. McDonnell, 418 U.S. at 579, 94 S.Ct. at 2986. 430 U.S. at 827, 97 S.Ct. at 1497. Very recently, the Court has again reaffirmed that the states may not abridge or impair a prisoner's right to file in federal court petitions seeking a writ of habeas corpus, or civil rights complaints seeking vindication of *836 federally protected rights. Lewis v. Casey, ___ U.S. ___, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In his concurring opinion, Justice Thomas said:
I agree that the Constitution affords prisoners what can be termed a right of access to the courts. That right, rooted in the Due Process Clause and the principle articulated in Ex parte Hull, is a right not to be arbitrarily prevented from lodging a claimed violation of a federal right in a federal court.
___ U.S. at ___, 116 S.Ct. at 2195.
It seems to us that the foregoing decisions establish with relative clarity that the states may not, whether by prison regulation or otherwise, abridge or impair an inmate's right to file in federal court petitions seeking a writ of habeas corpus, or civil rights complaints alleging violations of federally protected rights. It seems to us, further, that the challenged rules are designed to have such an effect. Accordingly, based upon the foregoing authorities, we hold that rules 33-3.005(5) and 33-3.0084(1)(i)1 are unconstitutional to the extent that they purport to prohibit inmates in disciplinary confinement from filing in federal court petitions seeking a writ of habeas corpus, or civil rights complaints alleging violations of federally protected rights.
The summary final judgment is reversed, and the case is remanded to the trial court with directions that it enter a summary final judgment in favor of appellants, consistent with this opinion.
REVERSED AND REMANDED, with directions.
ALLEN and MICKLE, JJ., concur.