745 So.2d 1029 (1999)
James J. QUIGLEY, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 97-4837.
District Court of Appeal of Florida, First District.
October 20, 1999.
Rehearing Denied December 8, 1999.
*1030 Appellant pro se.
Gary L. Grant, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
BENTON, J.
James J. Quigley, a prisoner within the meaning of section 944.02(5), Florida Statutes (1997), appeals the order denying a petition to initiate rulemaking he filed with the Department of Corrections (DOC) under section 120.54(7), Florida Statutes (1997). We affirm.
Mr. Quigley filed a petition to initiate rulemaking requesting that DOC repeal Florida Administrative Code Rule 33-3.005(9)(a)2. Florida Administrative Code Rule 33-3.005(9) provides, in pertinent part:
Each document presented by an inmate for notarization and mailing which legally requires notarization shall be notarized and mailed immediately, subject to the following conditions:
(a) The inmate shall submit the document to such an employee and the employee shall:
1. Either ascertain that the inmate can read and that he has read the document and understands the same; or in the alternative, shall read the document to the inmate and ascertain that he understands the contents.
2. Such employees shall not accept any document for notarization until the inmate indicates that he is ready for it to be mailed or forwarded. The employee is not required to notarize the inmate's file copy of the document.
Invoking section 120.54(7), Florida Statutes (1997), the petition requested that DOC repeal Florida Administrative Code Rule 33-3.005(9)(a)2. and replace it with a rule authorizing prisoners to retain notarized documents.
DOC denied the petition on the ground, inter alia, that its rule vindicated a legitimate penological interest in preventing prisoners from altering notarized documents. The statute provides that not "later than 30 calendar days following the date of filing a petition, the agency shall initiate rulemaking proceedings under this chapter, otherwise comply with the requested action, or deny the petition with a written statement of its reasons for the denial." § 120.54(7)(a), Fla. Stat. (1997). DOC's statement of reasons complies with the statutory requirements.
We do not pass on the legal sufficiency of DOC's stated reasons or on the merits of Mr. Quigley's claims that the rule impermissibly impedes prisoners' access to court. See generally Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). For some seven years, see Ch. 92-166, § 9, at 1678, Laws of Fla. (codified at § 120.52(12), Fla. Stat. (Supp.1992)), prisoners have been forbidden to maintain challenges to administrative rules under section 120.56 and predecessor provisions. See § 120.81(3)(a), Fla. Stat. (1997). No intervening enactment suggests that the Legislature intended to authorize prisoners to use a petition for repeal of a rule, even if the petition also includes a proposed replacement for the existing rule, to obtain judicial review of the kind available when a party who is not a prisoner challenges an existing rule under section 120.56, Florida Statutes (1997).
*1031 Although permissible in a petition under section 120.54(7), Florida Statutes (1997), Mr. Quigley's claim that Florida Administrative Code Rule 33-3.005(9)(a)2. is invalid, on grounds it violates the state and federal constitutions, does not entitle him to review of the merits of his contention here. Initial appellate judicial review of the validity of the reasons DOC sets out in a written statement of reasons for denying a petition is not available to prisoners under the Administrative Procedure Act. Their only avenue for judicial review is to seek declaratory or other relief in circuit court, as was done in Bass v. Department of Corrections, 684 So.2d 834 (Fla. 1st DCA 1996).
Affirmed.
SMITH, LARRY G., Senior Judge, CONCURS; BOOTH, J., CONCURS IN RESULT.