BENTON, J.
Glenn Smith appeals the order dismissing his petition for declaratory judgment/complaint for writ of mandamus seeking to overturn disciplinary action the Department of Corrections (DOC) took against him for violating the DOC rule against fighting. See Fla. Admin. Code. R. 33-601.314, § 2-4 (formerly Fla. Admin. Code R. 33-22.012, § 2-4) (the fighting rule).
A state prisoner, he contends that the fighting rule is unauthorized and unconstitutional because it makes even self-defense a violation of the rule. The trial court did not address the merits of Mr. Smith’s petition in this regard, nor do we. We conclude, however, that the trial court should allow proof of the pertinent allegations and, if standing is established, address the question of the fighting rule’s validity before determining whether the disciplinary action was lawful. Rejecting all of appel *60 lant’s other claims of error, we reverse and remand for this purpose.
A disciplinary proceeding produced findings that, on September 4, 1997, Mr. Smith was involved in a fight with his cell mate. Correctional Officer Taylor reported finding Mr. Smith lying on the floor bleeding from his head, and noticing scratches on the other inmate’s upper torso and neck. Mr. Smith’s petition alleges that the other inmate attacked him without provocation and that he acted in self-defense only.
Disciplinary action was instituted against both inmates. After due notice, a disciplinary team held a hearing on September 11, 1997. According to his petition, Mr. Smith testified at the hearing that he was acting in self-defense, while the other inmate refused to give a statement. The disciplinary hearing worksheet noted Mr. Smith’s uncontroverted testimony that he “was lying under the bunk to keep from being assaulted [further] while yelling for help,” when Officer Taylor arrived.
The disciplinary team apparently rejected Mr. Smith’s claim of self-defense as immaterial under the rule and found both Mr. Smith and the other inmate guilty of fighting. After exhausting administrative remedies, Mr. Smith filed his petition in circuit court. That court dismissed his claim relating to the fighting rule on grounds he failed to allege “facts showing that he did not understand what conduct was prohibited or that he believed his conduct to be exempt from the rule.”
Mr. Smith’s petition, however, goes beyond the mere claim that the fighting rule failed to give him adequate notice of what conduct was prohibited. The petition contends that the rule was unauthorized and unconstitutional because it deprived him of rights conferred by chapter 776 of the Florida Statutes, and, in essence, that the fighting rule infringes on a right to act in self-defense. See § 776.012, Fla. Stat. (1997) (“A person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against such other’s imminent use of unlawful force.”).
The record contains ample evidence supporting the disciplinary team’s finding that Mr. Smith was in a fight. See generally Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). But the trial court erred in dismissing the portion of the petition attacking the validity of the fighting rule without affording Mr. Smith an opportunity to prove his standing to raise the question and, if successful on standing, to obtain a declaratory judgment.
As pleaded, the claim is cognizable in an action for declaratory relief. See May v. Holley, 59 So.2d 636, 639 (Fla.1952) (declaratory judgment appropriate where “there is a bona fide, actual, present practical need for the declaration ... dealing] with a present, ascertained or ascertainable state of facts”); see also Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991); Quigley v. Florida Dep’t of Corrections, 745 So.2d 1029, 24 Fla. L. Weekly D2405 (Fla. 1st DCA Oct.20, 1999). Mr. Smith was disciplined on the basis of the fighting rule. He may also face enhanced punishment in any future disciplinary proceedings because of the disciplinary action taken here. See Fla. Admin. Code. R. 33-601.302, §§ 5(b), (5)(c), & 6.
We reverse the order under review insofar as it dismisses the petition for declaratory judgment/complaint for writ of mandamus without addressing Mr. Smith’s entitlement to declaratory judgment as to the validity of the fighting rule, and remand for further proceedings consistent with this opinion.
Reversed and remanded.
KAHN, J., and SHIVERS, DOUGLASS B., Senior Judge, CONCUR.