754 So.2d 752 (2000)
Terry W. VAUGHN,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D99-774.
District Court of Appeal of Florida, First District.
March 1, 2000.
Rehearing Denied April 13, 2000.
Terry W. Vaughn, pro se.
Gary L. Grant, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
Terry Vaughn appeals an order of the Department of Corrections, which held that the department was statutorily authorized to enact Florida Administrative Code Rule 33-22.012, section 9-4, prohibiting the offense of "attempted conspiracy."[1]
Vaughn contends that the enactment of section 9-4 was unconstitutional and an invalid exercise of delegated legislative authority. We affirm, because section 120.81(3), Florida Statutes (1999), provides that an inmate has no standing to challenge a rule on these grounds under chapter 120. See Quigley v. Florida Department of Corrections, 745 So.2d 1029 (Fla. 1st DCA 1999). Vaughn's "only avenue for judicial review is to seek declaratory or other relief in circuit court, as was done in Bass v. Department of Corrections, 684 So.2d 834 (Fla. 1st DCA 1996)." Id. at 1031.
AFFIRMED, without prejudice to Vaughn's right to seek relief in circuit court.
ERVIN, BOOTH and BENTON, JJ., CONCUR.
NOTES
[1] Rule 33-22.012 is now codified as Florida Administrative Code Rule 33-601.314.