797 So.2d 1272 (2001)
Glenn SMITH, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D99-3707.
District Court of Appeal of Florida, First District.
October 26, 2001.
Glenn Smith, Pro Se.
Robert A. Butterworth, Attorney General, and Douglas T. Squire, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), the appellant challenges an order by which the trial court denied his motion to tax appellate costs following issuance of our mandate in Smith v. Florida Department of Corrections, 763 So.2d 1264 (Fla. 1st DCA 2000). The trial court concluded that costs should not be taxed because the appellant had not prevailed on any significant issues on appeal and because the merits of his complaint had not been considered or adjudicated. We reverse the order under review and remand this case for taxation of appellate costs.
In his complaint for declaratory relief, the appellant challenged the constitutionality of a rule adopted by the appellee. Concluding that the appellant had failed to state a cause of action and had also failed to exhaust his available administrative remedies, the trial court denied the requested relief. On appeal, we determined that the complaint had sufficiently stated a cause of action and that the appellant was not required or permitted to seek administrative relief on his constitutional challenge. We accordingly observed in our opinion that the appellant had sufficiently stated a cause of action and that he was seeking an appropriate remedy in the circuit court. We cited Vaughn v. Department of Corrections, 754 So.2d 752 (Fla. 1st DCA 2000), which is authority for the proposition that the appellant lacked standing to raise his constitutional challenge in an administrative proceeding and was thus appropriately seeking relief in the circuit court.
Because the appellant prevailed on all of the significant issues on appeal, the order under review is reversed and this case is remanded to the trial court for taxation of appellate costs in favor of the appellant.
ALLEN, C.J., BENTON and POLSTON, JJ., concur.