884 So.2d 1030 (2004)
Thomas Perry WELLS, Jr., Appellant,
v.
James HARRIS, Warden, Martin Correctional Institution, and Jean Sager, Librarian, Martin Correctional Institution, Appellees.
No. 4D04-197.
District Court of Appeal of Florida, Fourth District.
October 13, 2004.
*1031 Thomas Perry Wells, Jr., Indiantown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Ft. Lauderdale, for appellee Jean Sager.
PER CURIAM.
We treat this petition for certiorari as a notice of appeal. Appellant filed a petition for writ of mandamus and declaratory judgment in the trial court against the warden of the institution in which he is serving a prison sentence and one of its employees, challenging disciplinary action against him and seeking declaratory judgment that the rule under which he was disciplined is unconstitutional. The trial court denied the petition for writ of mandamus as to the disciplinary action and dismissed the declaratory action.
In Smith v. Florida Department of Corrections, 752 So.2d 59 (Fla. 1st DCA 2000), a prisoner filed a petition for writ of mandamus/declaratory judgment challenging through declaratory judgment, as petitioner does here, the constitutionality of the rule under which he was disciplined, as well as the disciplinary action itself. The trial court dismissed the petition for declaratory judgment. The First District reversed, finding that the trial court erred in dismissing the declaratory judgment portion of the petition attacking the validity of the rule itself without providing Smith with the opportunity to address the issue. 752 So.2d at 60. It held that where the petition stated a cause of action for declaratory judgment, it was error for the court to make a final determination as to the disciplinary action before hearing the prisoners challenge to the validity of the rule under which he was disciplined. Id.
Smith applies to this case. The order of the trial court is reversed and remanded for further proceedings consistent with this opinion.
WARNER, STEVENSON and MAY, JJ., concur.