**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-6686**

———————————

RONALD MILES,

Petitioner - Appellant,

versus

RONALD J. ANGELONE,

Respondent - Appellee.

———————————

**No. 06-7028**

———————————

RONALD MILES,

Petitioner - Appellant,

versus

RONALD J. ANGELONE,

Respondent - Appellee.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (1:06-cv-00344-TSE)

———————————

Submitted: September 26, 2006       Decided: November 2, 2006

———————————

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Ronald Miles, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Ronald Miles seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2000) petition, and dismissing it on that basis, and subsequent orders denying his motions for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Miles has not made the requisite showing. Accordingly, we grant Miles's motion to construe his motion to remand as a supplemental brief in case No. 06-7028, deny his motion to remand in case No. 06-6686, deny his motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal.

Additionally, we construe Miles's notice of appeal and informal brief as an application to file a second or successive petition under 28 U.S.C. § 2254. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2000). Miles's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>