**Ronald MILES, Petitioner,**

v.

**Ronald ANGELONE, Respondent.**

**No. 1:00 CV 204 TSE, 1:06 CV 344 TSE/BRP.**

United States District Court, E.D. Virginia, Alexandria Division.

March 26, 2007.

basis on which to refuse to adjudicate this case.

Ronald Miles, Pound, VA, pro se.

Thomas Drummond Bagwell, Office of the Attorney General, Richmond, VA, for Respondent.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter concerns petitioner's abusive and harassing filing behavior while attempting to invalidate the March 17, 2001 judgment and dismissal of his initial 28 U.S.C. § 2254 petition for a writ of habeas corpus. By Order dated May 15, 2006, petitioner was advised that, in light of his filing of sixteen meritless motions for reconsideration over a five-year period, he should not file any additional motions for reconsideration or seek any additional review from this Court concerning either 1:00cv204 or 1:06cv344, absent "a remand or allowance of a successive § 2254 petition by the Fourth Circuit." *See Miles v. Angelone,* 1:06cv344, at 3 (E.D.Va. May 15, 2006) (order), *aff'd,* No. 06–7028 (4th Cir. Nov. 3, 2006) (affirming denial of reconsideration and application for successive petition). Petitioner was further advised that, if he did not cease his "abusive filing behavior," he might be subjected to sanctions, including a prefiling injunction. *Id.* (citing *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir.2004) (authorizing prefiling injunctions and other sanctions against vexatious and repetitious litigants)).

■ On November 22, 2006, the Clerk received petitioner's seventeenth Fed. R.Civ.P. 60(b) Motion for Reconsideration. This Motion followed the dismissal of petitioner's appeal of the reclassification of his March 29, 2006 Motion for Reconsideration as a new and successive § 2254 petition for habeas corpus. *See Miles v. Angelone,* No. 06–7028, 205 Fed.Appx. 163 (4th Cir. Nov.2, 2006) (denying certificate of appeal-

ability, denying petition for successive petition, and dismissing appeal). Because petitioner's latest Motion does not follow either a remand or allowance of a successive petition by the Fourth Circuit, lacks any good-faith basis, re-litigates previously denied claims, and is clearly filed outside of the "reasonable time" contemplated in Fed.R.Civ.P. 60(b), it must be denied. Furthermore, for the reasons that follow petitioner will be enjoined from filing any additional motions or pleadings in his two closed habeas petitions.[1]

## I.

On March 17, 2001, petitioner's petition for writ of habeas corpus was dismissed. *Miles v. Angelone*, 1:00cv204 (E.D.Va. Mar. 17, 2001). Petitioner appealed this dismissal to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on August 30, 2001. *Miles v. Angelone*, No. 01–6520, 17 Fed. Appx. 181 (4th Cir. Aug. 30, 2001). On October 4, 2001, petitioner filed his first Fed.R.Civ.P. 60(b) motion for reconsideration of the Court's Order dismissing his petition. By Order dated October 23, 2001, petitioner's motion for reconsideration was denied. *Miles v. Angelone*, No. 1:00cv204 (E.D.Va. Oct. 23, 2001). Petitioner appealed this denial. On May 2, 2002, the Fourth Circuit dismissed petitioner's second appeal, *Miles v. Angelone*, No. 01–7994, 33 Fed.Appx. 680 (4th Cir. May 2, 2002), and the United States Supreme Court denied petitioner's subsequent petition for a writ of certiorari. *Miles v. Angelone*, 535 U.S. 1104, 122 S.Ct.

2310, 152 L.Ed.2d 1065 (2002). After petitioner filed his twelfth motion for reconsideration in March 2006, the motion was construed as a new 28 U.S.C. § 2254 petition (1:06cv344), pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and dismissed as successive. Petitioner has filed similar motions for reconsideration in this successive petition. In the six years since this Court issued judgment on the initial petition, petitioner has flooded the Court with motion after motion in a vain attempt to avoid the consequences of the dismissal of his initial petition. At no point has petitioner presented any legitimate grounds to this Court, the Fourth Circuit, or the Supreme Court that would suggest any error or cause for reconsideration of the 2001 judgment or subsequent decisions by this Court. Yet, even after filing sixteen motions seeking either reconsideration or vacating of the 2001 judgment and receiving a warning from the Court not to file any additional motions, petitioner filed his seventeenth motion for reconsideration on November 22, 2006.

Petitioner has not limited this conduct to motions for reconsideration. Within the past year, petitioner sought extraordinary relief from the Supreme Court. Specifically, petitioner filed a unsuccessful petition for writ of mandamus with the Supreme Court to compel this Court to grant an earlier motion for reconsideration. *See In re Miles*, No. 05–10581 (U.S. June 26, 2006) (denying petition). While considering his pending motion for reconsideration,

---

**1.** After the Court decided to issue this injunction, but before this opinion was signed, petitioner filed a judicial complaint with the Fourth Circuit based on the past denials of his motions for reconsideration. This pending complaint, however, does not require judicial recusal in light of the petitioner's filing history in this case and past admonitions to petitioner concerning his conduct. *See* Judicial Conference of the U.S., Comm. on Codes of

Conduct, Advisory Op. 103 (2002) ("If the judge determines that the complaint meets any of the statutory grounds for dismissal, the judge will not face an actual or apparent threat of adverse consequences from the complaint. In those circumstances, so long as the judge holds that view, no reasonable person would question the judge's impartiality in the complainant's case, and recusal is not necessary.").

petitioner served the Clerk of this Court with a similar petition for writ of mandamus, purportedly filed with the Fourth Circuit,[2] to compel immediate resolution of his motion.

## II.

 When faced with a recalcitrant litigant, such as petitioner, courts must balance a litigant's ability to access the judicial process with the burden on judicial resources and the court's docket created by the litigant's filings. In balancing these interests, federal courts may exercise their authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue prefiling injunctions against vexatious and repetitive litigants. *Cromer*, 390 F.3d at 817.[3] Such drastic remedies, however, must be used sparingly so as not to offend the constitutional guarantee of due process of law. *Id.* In determining whether a prefiling injunction is warranted, the Fourth Circuit has held that a court must weigh all the relevant circumstances, including the following factors:

(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

2. Although the Clerk received a copy of the petition on March 19, 2007, the petition has not yet been filed and entered with the Fourth Circuit.

3. Every federal circuit to consider this issue has recognized the judicial power to enjoin abusive litigants, and the Fourth Circuit's procedure for enjoining litigants comports with her sister circuits. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir.1989); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987); *Sa-*

*Id.* at 818. If after weighing the factors a judge determines that a prefiling injunction is proper, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* (citations omitted). Furthermore, before issuing even a narrowly tailored prefiling injunction, the litigant must be provided notice and an opportunity to be heard. *Id.* at 819.

### A. History of Litigation

 First, petitioner has a history of filing frivolous and harassing pleadings in this case. Petitioner filed his initial 28 U.S.C. § 2254 petition for writ of habeas corpus in January 2000. Seven years later, this matter is still on the court docket. As discussed, *supra* Part I, petitioner has filed seventeen motions to reconsider this dismissal since the final judgment on his petition in March 2001. These motions merely seek to relitigate issues previously dismissed in either the March 2001 memorandum opinion or in the subsequent motions for reconsideration. With the denial of each new motion, petitioner has been informed that his claims are meritless and, most recently, advised to cease this conduct. At present, petitioner has demonstrated an unwillingness to end this frivolity and allow this seven-year-old petition come to a close.

### B. Good–Faith Basis

 Second, petitioner lacks a good-faith basis for the pleadings he has filed

*fir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986) (cited in *Cromer*); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir.1986); *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C.Cir. 1985); *In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 368 (7th Cir.1983) (cited in *Cromer*); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980) (cited in *Cromer*); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980); *Green v. White*, 616 F.2d 1054, 1055 (8th Cir.1980).

and appears more intent to harass. In his requests for reconsideration, petitioner continues to reassert claims of "fraud" by the Commonwealth of Virginia based on prior representations to the court at all stages of his state and federal proceedings. His claims have been rejected repeatedly by both this Court, the Fourth Circuit, and the Supreme Court, and there is no discernable good-faith basis for his continuing to pursue these matters. Moreover, petitioner's behavior evidences a clear intent to harass as he has been warned several times not to bring another motion for reconsideration absent remand or authorization from the Fourth Circuit, yet he continues to submit lengthy motions that are not only frivolous but also successive pursuant to *Gonzalez*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480. This conduct is a complete abuse of petitioner's right to access the court.

### C. Administrative Burden

▪Third, petitioner has become a substantial burden on judicial resources. To date, petitioner's case file consists of four volumes and exceeds 140 pleadings—the bulk of which arrived well after the date of judgment and finality of his initial appeal. With every newly submitted pleading, the Court must spend considerable time reviewing petitioner's lengthy pleadings to determine how, if at all, this new pleading differs from the previous materials already dismissed as meritless. Since the initial dismissal of this petition, petitioner has appealed each of these decisions, only to have his appeals rejected, at which point he begins the process anew by filing a new

motion with this Court. Petitioner has done this for over five years now and there is no indication that he intends to stop. In fact, the contrary is apparent as petitioner has recently accelerated the rate at which he seeks further review and expanded his litigation into filing petitions for mandamus with the Supreme Court and the Fourth Circuit to compel this Court to rule in his favor. For these reasons, petitioner has become an extreme burden on court resources.

### D. Adequacy of Alternative Sanctions

▪ Finally, in a situation such as this one, there is no adequate alternative to requiring petitioner to include proof of § 2244 authorization by the Fourth Circuit to bring a successive habeas petition before he can file any additional materials in his initial habeas petition (1:00cv204) or the companion successive petition (1:06cv344). Petitioner's constant filing of lengthy pleadings and his inability to accept the finality of the March 2001 judgment warrants this injunction. Petitioner has been warned on several occasions to cease this behavior, but he continues to relitigate his frivolous claims. Judging from petitioner's behavior over the last six years, there is no indication that he will voluntarily stop his abusive filing. Therefore, a limited prefiling injunction is the only way to ensure this practice ends.

### III.

### A. Scope of Injunction

▪ Mindful of the right to due process and of access to the courts, particularly in the prisoner context,[4] petitioner's

---

4. *See, e.g., Ex parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941) (recognizing due process right of access to federal courts for state prisoners to bring a federal petition for writ of habeas corpus); *see also Truax v. Corrigan*, 257 U.S. 312, 332, 42 S.Ct. 124, 66 L.Ed. 254 (1921) ("The due process clause requires that every man shall have the protection of his day in court."), *cited in Cromer*, 390 F.3d at 817. *But see Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir.1997) (The "right of access to federal courts [by prisoners] is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisdiction.").

"continuous abuse of the judicial process" is one of the "exigent circumstances" the Fourth Circuit contemplated in allowing a prefiling injunction. *Cromer*, 390 F.3d at 818 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993)). Nonetheless, petitioner has proceeded *pro se* throughout this petition and he has limited his excessive filing behavior to only the instant habeas petition. A general prefiling injunction would, therefore, not be "narrowly tailored to fit the specific circumstances at issue" and would be inappropriate. *Cromer*, 390 F.3d at 818 (advising particular caution with *pro se* litigants). Accordingly, the prefiling injunction will be limited to petitioner's ability to file future pleadings in this habeas petition and his successive companion petition.[5]

## B. *Cromer* Notice

Consistent with the notice and response requirements of *Cromer*, 390 F.3d at 819, petitioner, Ronald Miles, is advised that the Court intends to enjoin him from filing any further pleadings or motions related to 1:00cv204 or 1:06cv344 in the United States District Court for the Eastern District of Virginia, absent remand or allowance of a successive § 2254 petition by the Fourth Circuit. Petitioner will be required to include an "Application for Leave to File" with the pleading or motion he seeks to file. This application must include (1) an order of remand or authorization for a successive petition from the Fourth Circuit and (2) an affidavit, submitted under penalty of perjury, that the matter he seeks to raise has never before been raised in any court or disposed of on the merits. Petitioner's failure to comply with the terms of the injunction will be sufficient grounds to deny any application for leave to file. Furthermore, the Clerk will be directed to return to petitioner any

filings that do not comply with the injunction.

Petitioner is further advised that nothing in the Order issuing the injunction will be construed as hindering his ability to defend himself in any criminal action brought against him, on petitioner's access to the courts through filing a petition for writ of habeas corpus stemming from a separate conviction or other extraordinary writ, on petitioner's access to the United States Court of Appeals, or on any of petitioner's currently pending actions in state court, the United States Court of Appeals, or any United States District Court for any district other than the Eastern District of Virginia.

## IV.

For the above stated reasons, petitioner's Motion for Reconsideration is denied and he is advised of the Court's intent to issue a limited prefiling injunction against him.

An appropriate Order shall issue.

---

**5.** Should petitioner exhibit similar filing conduct in other matters, the scope of this injunction may be revisited and extended, consistent with *Cromer*.